IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01379-CNS-MDB

DAVID KNELLINGER and
ROBERT STOREY, individually and on behalf of all persons similarly situated,

     Plaintiffs,

v.

DAVID YOUNG, in his individual and official capacities as Colorado Treasurer, Colorado Office of Treasury; and
BIANCA GARDELLI, in her individual and official capacities as Director of Colorado Department of Treasury, Unclaimed Property Division,

     Defendants.

---

**ORDER**

---

Before the Court is Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). (ECF No. 31).  The Court GRANTS the motion for the following reasons.

**I.  FACTS[1]**

Plaintiffs bring this putative class action under 42 U.S.C. § 1983 against Defendant Young in his individual and official capacity as Colorado Treasurer, and Defendant Gardelli in her individual and official capacity as Director of the Colorado Department of Treasury regarding unclaimed property held in trust under the Revised Uniform Unclaimed Property Act, Colorado Revised Statute § 38-13-101, *et. seq.* (RUUPA)[2].  Plaintiffs allege that Defendants' failure to

---

[1] For the purposes of this motion, the Court takes as true all allegations of the Complaint.  (*See* ECF No. 1).
[2] RUUPA was enacted in Colorado via Senate Bill 19-088 and became effective on July 1, 2020.  (ECF No. 1, p. 7).

provide notice to the property owners about the alleged seizures and sales of abandoned property allows them to use RUUPA funds "to satisfy budget shortfalls." (ECF No. 1, pp. 3-6).

Under the RUUPA, if a property holder cannot locate the owners after a certain period of time (as defined by Colorado Revised Statute §§ 38-13-201 to -220) and the property is presumed to be abandoned, the holder will first provide notice to the apparent owner before the administrator may take custody of the property. *See* §§ 38-13-501 to -504, 38-13-601 to -609. Certain properties may be sold by the administrator at a public sale after public notice. *See* §§ 38-13-701 to -705. Any money received or derived from the sale of the property is held in trust by the administrator for the benefit of the owner and not the State. *See* §§ 38-13-801 to -803. The money in the unclaimed property trust fund does not revert to the general fund at the end of any fiscal year. § 38-13-801(1)(d).[3] The owner may submit a claim to the administrator and may search for unclaimed property on the Colorado Department of Treasury's website. *See Claim Unclaimed Property* (last visited January 4, 2023).[4]

Plaintiffs Knellinger and Storey searched their names on the website and discovered that they may each have a claim for abandoned property. (ECF No. 1, pp. 3-4). Plaintiffs allege that they did not receive any notice from the Colorado Department of Treasury. (*Id.*). Plaintiffs neither allege in the Complaint whether they have attempted to claim the property identified on the website under RUUPA's administrative claims process nor identify what type of property is being held by

---

[3] The Court takes judicial notice of the Colorado Unclaimed Property Website. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). According to the Colorado Department of Treasury's website, "Unclaimed property always belongs to its owner even if it is never claimed. All unclaimed property is held in trust until the rightful owner(s) or their heirs claim it." *See FAQS*, https://colorado.findyourunclaimedproperty.com/app/faq-claim (last visited December 12, 2022).

[4] The Court notes that this website was referenced in the Complaint and is central to Plaintiffs' claims.

the Colorado Department of Treasury, Unclaimed Property Division.  The proposed Class is defined as: "[a]ll persons or entities who did not receive actual notice before their property was taken by the State of Colorado between May 27, 2016[,] and the present."  (ECF No. 1, p. 23).

Plaintiffs raise five claims for relief:[5]  (1) injunctive and declaratory relief that Defendants violated the Fourth Amendment (Right to Privacy), Fifth Amendment (Takings Clause), Fourteenth Amendment (Due Process), and the Due Process Clause of the Colorado Constitution (Colo. Const. art. 2, § 25); (2) violation of their due process rights under the Fourteenth Amendment via 42 U.S.C. § 1983 and the Due Process Clause of the Colorado Constitution; (3) violation of the Takings Clause of the Fifth Amendment via 42 U.S.C. § 1983; (4) accounting; and (5) breach of fiduciary duty under Colorado Revised Statutes §§ 24-22-101, 604, 38-13-803. (ECF No. 1, pp. 24-29).

Defendants move to dismiss arguing that (1) Plaintiffs lack standing; (2) the Court should decline jurisdiction of the § 1983 under the *Burford* abstention doctrine; (3) qualified immunity bars Plaintiffs' § 1983 claims for monetary damages; (4) Eleventh Amendment sovereign immunity bars state law claims against Defendants in their official capacity; (5) the state law claims for monetary relief are barred by the Colorado Governmental Immunity Act and for failure to exhaust administrative remedies; (6) Counts II, III, and IV fail to state a claim for relief and are barred by the statute of limitations; (7) Plaintiff cannot state a claim for accounting.  (ECF No. 21, pp. 10-35).

---

[5] It is unclear to this Court whether Plaintiffs are only raising five claims for relief.  At various points in the Complaint, Plaintiffs also allege that Defendants violated the Colorado Constitution, Article II, Section 25, Article I of the United States Constitution, Fourth Amendment, Fifth Amendment, and Fourteenth Amendments, and the Contract Clause of Article I, Section 10. Plaintiffs also fail to specify whether they are raising claims of violations of federal law via 42 U.S.C. § 1983 against Defendants in their official or individual capacity.

## II.  LEGAL STANDARD

Rule 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction and assumes two forms: factual or facial.  In the first, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When reviewing a facial attack, courts must accept a complaint's allegations in the complaint as true.  *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (citation omitted).  In the second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Nudell*, 363 F.3d at 1074 (citation omitted).  When reviewing a factual attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment.  *Ratheal*, 2021 WL 3619902, at *3.  In this instance, the plaintiff bears the burden of establishing subject matter jurisdiction as the party asserting it exists.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law.  *Forest Guardians v. Forsgren*,

4

478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).  A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

**A.      Conceded Claims and Claims Not Raised**

In their response to Defendant's motion to dismiss, Plaintiffs abandon their claims for violations of the Contracts Clause, U.S. Const. article I, section 10, clause 1, and the Fourth Amendment for violation of privacy.  (ECF No. 33, p. 15 n.5).  Defendants also argue that Plaintiffs have conceded all their state law claims for relief.  (ECF No. 40. pp. 1-2).  The Court agrees that Plaintiffs have abandoned their fifth claim, breach of fiduciary duty, by not responding to Defendant's arguments in the motion to dismiss.  Plaintiffs, however, did sufficiently respond to the motion to dismiss regarding their accounting claim.[6]  Accordingly, Plaintiffs' federal claims for violations of the Contracts Clause, U.S. Const. article I, section 10, clause 1,[7] and the Fourth

---

[6] Confusingly, it appears that Plaintiffs may have also abandoned the remaining state law claims in a separate filing. (*See* ECF No. 39, pp. 3-4).  In an abundance of caution, this Court will proceed with examining Plaintiffs' briefing in their response.  (See ECF No. 33).

[7] The Complaint contains several references to the Contracts Clause, but Plaintiffs fail to assert a claim for relief based on the Contracts Clause or plead any facts in support of such a claim.  To the extent that this claim was even raised, which is wholly unclear to the Court, it is conceded and dismissed.

Amendment for violation of privacy and state law claim regarding breach of fiduciary duty are concluded and, therefore, DISMISSED.

## B.     Federal Rule of Civil Procedure 12(b)(1)

Defendants move to dismiss Plaintiffs' claims for lack of subject matter jurisdiction due to lack of standing and sovereign immunity.  A court must first address a motion to dismiss for lack of subject matter jurisdiction in order to determine jurisdiction before addressing any other arguments regarding the underlying validity of a claim.  *Bell v. Hood*, 327 U.S. 678, 682 (1946).

### 1.  *Sovereign Immunity and the Eleventh Amendment*

Defendants argue that sovereign immunity bars only Plaintiffs' state law claims.  Plaintiffs argue that their state law claim for accounting is permissible under the *Ex parte Young* exception because they are suing "Defendants in their official capacities, they alleged an ongoing violation of federal law, and they are seeking prospective relief." (ECF No. 33, p. 22).[8]

The Eleventh Amendment of the United States Constitution provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  A plaintiff may not circumvent the Eleventh Amendment by suing specific state officials instead of the State.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Sovereign immunity acts as a jurisdictional bar that precludes unconsented suits in federal court against an arm of the state or from asserting a damage claim against state

---

[8] The Court will inspect all of Plaintiffs' claims because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and may at any stage in the litigation raise the question of whether there is subject matter jurisdiction sua sponte.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *V–1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1419–20 (10th Cir. 1997) (a federal court may raise Eleventh Amendment immunity sua sponte).

officers in their official capacities.  *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017);

*Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (citation omitted); *see also Pietrowski*

*v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) ("An action against a person in his official

capacity is, in reality, an action against the government entity for whom the person works."). 

Eleventh Amendment immunity also extends to claims in federal court brought against the state or

its agencies, as well as suits against state officials sued in their official capacity for monetary

damages under § 1983.  *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227

(10th Cir. 2010); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

However, immunity from suit is not absolute —a claim may fall under the *Ex parte Young*

exception, States may consent to suit in federal court, or Congress may abrogate the States'

sovereign immunity.  *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). 

Plaintiffs do not argue that Colorado consented to the lawsuit or that Congress abrogated

Colorado's sovereign immunity.  A review of RUUPA also does not indicate to this Court that the

State waived its sovereign immunity.

### a.  *Ex parte Young Exception*

The Supreme Court carved out an exception to Eleventh Amendment sovereign immunity

when the suit challenges the constitutionality of state officials acting in their official capacity.  *Ex*

*parte Young*, 209 U.S. 123, 159-60 (1908); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261,

269 (1997).  For Plaintiffs' civil action to fall under the *Ex parte Young* exception, they must

satisfy three criteria: (1) the individual state officers named must be acting in their official

capacities, (2) the complaint alleges an ongoing violation of federal law, and (3) the plaintiff seeks

only prospective relief.  *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021).

### i.   State Law Claims

To the extent Plaintiffs' state law claims were not conceded,[9] they are barred by sovereign

immunity and do not fall under the *Ex parte* Young exception.  *See Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 121 (1984) (holding that a claim that state officials violated state law

in carrying out their official responsibilities was a claim against the State that is protected

sovereign immunity).   Accordingly, Plaintiffs' state law claims are DISMISSED WITHOUT

PREJUDICE.[10]

### ii.   Federal Law Claims

Regarding Plaintiffs' allegations that Defendants in their official capacity violated the Fifth

and Fourteenth Amendments through § 1983, Defendants do not have immunity under the

Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (A

state official "in his or her official capacity, when sued for injunctive relief, would be a person

under § 1983 because 'official-capacity actions for prospective relief are not treated as actions

against the State.'").  The Court will examine whether Plaintiffs have standing to bring these claims

in federal court.

---

[9] Plaintiffs noted in a separate filing that "Plaintiffs have conceded their state law claims and are only proceeding on their federal law claims. Defendants may no longer claim 11th Amendment immunity, Colorado Governmental Immunity Act, or exhaustion of administrative remedies as defenses and may only avail themselves of qualified immunity." (*See* ECF No. 39).   Plaintiffs should have, in the spirit of judicial economy, notified the Court in their response or a supplemental filing that it was conceding the state law claims rather than burying their concession in their Opposition to Defendants' Motion to Stay Discovery.

[10] Dismissal on sovereign immunity grounds must be without prejudice. *See Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Oklahoma v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

### 2. *Standing and 42 U.S.C. § 1983*

Defendants argue that Plaintiffs cannot establish standing to maintain their claims because they fail to allege within the Complaint that they are the actual owners of any unclaimed property as identified on the Colorado Treasury's website.  Plaintiffs argue that they have sufficiently alleged ownership and are not required to establish that they are actual owners of the property at this time.

"The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004).  To demonstrate standing, Plaintiffs must establish:  (1) they have suffered an injury in fact, which is concrete and particularized as well as actual or imminent, as opposed to hypothetical; (2) there is a causal connection between the injury and the challenged conduct, which is not the result of a third party's independent action; and (3) the injury is likely to be redressed by a favorable decision as opposed to merely speculative.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  The burden to establish standing rests with Plaintiffs as they are the party that invoked the jurisdiction of the federal courts.  *Id*. at 561.

The first requirement can be satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief.  *Tandy*, 380 F.3d at 1283.  A plaintiff, if seeking prospective relief, must be suffering a continuing injury or under an immediate and real threat of being injured in the future.  *Id*. (citation omitted).  A plaintiff's standing for retrospective relief is based on past injuries, where there is a real and immediate threat of repeated injury.  *Id.*; *PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002).  "[W]hile a

plaintiff who has been constitutionally injured can bring a § 1983 action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Regardless of what type of relief a plaintiff seeks, the claimed injury cannot be contingent on speculation or conjecture. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

In a class action, the plaintiff is required to allege that they have been personally injured, "not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016). Indeed, a prerequisite for class certification requires that the class representatives "be a part of the class and possess the same interest and suffer the same injury as class members." *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 949 (10th Cir. 2003).

In this case, Defendants argue that Plaintiffs lack standing because their claims of injuries are conjectural because Plaintiffs fail to allege that they have filed any administrative claim to establish ownership over the property identified in the Complaint. (ECF No. 31, p. 10). Plaintiffs, citing *James et al v. Hegar Jr. et al*, No. 5:22-CV-51-DAE, slip op. at *28-29 (W.D. Tex. Sept. 6, 2022); *Salvato v. Harris*, No. 21-12706-FLW, 2020 WL 1224962, at *18 fn. 5 (D.N.J. Apr. 26), argue that two separate federal district courts have rejected this argument. This is not so.

In *James*, the Western District of Texas did not discuss standing as Defendants moved to dismiss the putative class action based on sovereign immunity and the failure to state a claim. (ECF No. 33-1, p. 9). Additionally, the facts of the case are distinct from the instant case because the funds from unclaimed property in Texas were not held in a separate custodial trust for owners but deposited into the state's general revenue fund under the Texas Unclaimed Property Act. (*Id.*,

p. 17).  *Salvato* is also factually distinct.  In *Salvato*, the District Court of New Jersey found, among other things, that Plaintiff had standing because (1) she alleged that New Jersey holds unclaimed property or proceeds from the sale of said property in a separate trust account under the New Jersey Uniform Disposition of Unclaimed Property Act and (2) the defendant notified her that it possessed about forty shares of stock that had been previously owned by Plaintiff's deceased mother. *Salvato*, 2022 WL 1224962, at *1.  The district court determined that the plaintiff had standing to seek injunctive relief and the return of her property.  *Id*., at *6 n.5.

First, Plaintiffs have not sufficiently alleged ownership of the respective property identified in the Complaint.  Rather, as the Complaint alleges, Plaintiffs searched for their names on the Colorado Department of Treasury's website and found potential claims; however, these may be claims of individuals who have similar names.  Defendants note that Plaintiffs have neither filed an administrative claim to establish ownership over the property nor informed the Court about the type of property that is in dispute at this time.  (ECF No. 31-1, p. 3).  Additionally, Plaintiff Knellinger's claim for alleged abandoned property could range between $50 to $249 while Plaintiff Storey's claim for alleged abandoned property is potentially valued at under $50.  (ECF No. 1, pp. 3-4).  Plaintiffs fail to specify or identify what type of property was allegedly improperly seized and whether the property was actually owned by them.  Second, Plaintiffs fail to allege injuries either in the past or future that could give rise to their claims.  Plaintiffs merely allege that they currently reside in Colorado and, therefore, "could be subject to future wrongful seizure of their property." (ECF No. 33, p. 8).  This is not enough to satisfy Plaintiffs' burden under *Lujan*.  Third, because Plaintiffs' allegations are only conjectural and there is no continuing injury, they cannot sustain a claim under § 1983 for declaratory or injunctive relief.  Plaintiffs have only alleged

hypothetical harm rather than pleading that they have suffered an actual injury in fact that is concrete, particularized, actual, and/or imminent.  Accordingly, Plaintiffs' claims under § 1983 are DISMISSED WITHOUT PREJUDICE.[11]   The Court does not need to reach the remaining arguments in Defendants' motion.

## IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss is GRANTED.  (ECF No. 31).  Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

DATED this 6th day of January 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

---

[11] Dismissal for lack of standing must be without prejudice.  *Rural Water Sewer*, 654 F.3d at 1069 n.9.