IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01379-CNS-STV

DAVID KNELLINGER and
ROBERT STOREY, individually and on behalf of all persons similarly situated,

Plaintiffs,

v.

DAVID YOUNG, in his official capacities as Colorado Treasurer, Colorado Office of Treasury; and
BIANCA GARDELLI, in her individual and official capacities as Director of Colorado Department of Treasury, Unclaimed Property Division,

Defendants.

---

**ORDER**

---

Before the Court are Plaintiffs' Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), ECF No. 89; Defendants' Motion to Stay Briefing on Motion for Class Certification (ECF 96), ECF No. 98; and Plaintiffs' Motion for Class Certification and Memorandum in Support, ECF No. 96. Each of the foregoing are fully briefed. *See* ECF Nos. 89, 91, 92; ECF Nos. 98, 104, 110; ECF Nos. 96, 105, 112.

For the reasons explained below, the Court **GRANTS** Plaintiffs' motion to certify, ECF No. 89, and **GRANTS** Defendants' motion to stay, ECF No. 98. In light of these conclusions, Plaintiffs' motion for class certification, ECF No. 96, is **DENIED WITHOUT PREJUDICE**. Additionally, the parties' summary judgment intent conference currently scheduled for August 28, 2026 is hereby **VACATED**.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background and posture of this case, which was summarized in the Court's order ruling on Defendants' second motion to dismiss earlier this year. *See* ECF No. 85; *Knellinger v. Young*, No. 1:22-cv-01379-CNS-STV, 2026 WL 411749, at *1–2 (D. Colo. Feb. 13, 2026) (the MTD Order). Thus, the following brief summary suffices.

This case concerns the Revised Uniform Unclaimed Property Act (RUUPA), which provides the framework for the State of Colorado's handling of unclaimed property, including the requirements to transfer such property to the State, as well as the notice to which property owners are entitled. *See* C.R.S. § 38-13-101, *et. seq.* In their complaint, Plaintiffs allege that Defendants' seizure of their unclaimed property violates their rights under the Fifth and Fourteenth Amendments. *See generally* ECF No. 1 ¶¶ 1–13.

Defendants filed their first motion to dismiss nearly four years ago, ECF No. 31, which the Court granted in its entirety, *see* ECF No. 43. Plaintiffs appealed, and the Tenth Circuit, finding that Plaintiffs had standing to bring their takings claims, reversed and remanded the case back to the Court. *See* ECF Nos. 49, 50; *see also Knellinger v. Young*, 134 F.4th 1034 (10th Cir. 2025) (*Knellinger I*). Following remand, Defendants again moved to dismiss Plaintiffs' claims, ECF No. 60, and the Court granted in part Defendants' dismissal motion in the MTD Order. *See Knellinger*, 2026 WL 411749.

In the MTD Order, the Court determined that Plaintiffs' due process claims arising from Defendants' alleged failure to comply with RUUPA's notice provisions, as well as Defendants' alleged actions undertaken without sufficient statutory and constitutional

authority, were properly pleaded and not barred by qualified immunity or sovereign immunity. *See Knellinger*, 2026 WL 411749, at *8–9, *13.[1] However, with respect to Plaintiffs' takings claims, the Court found that Eleventh Amendment immunity barred such claims against Defendants in their official capacities, *id.* at *3, and qualified immunity barred the same claims against Defendants in their individual capacities, *id.* at *11. Additionally, as to Plaintiffs' due process claims arising from Defendants' alleged acts *in conformance* with the RUUPA's notice scheme (which Plaintiffs contend is unconstitutional as written), the Court concluded that Defendants were entitled to qualified immunity. *Id.* at *12.

Since then, the parties have completed discovery, *see* ECF No. 98 at 1, and filed the motions referenced above. Both parties have also notified the Court of their intention to file summary judgment motions. The Court set a conference to discuss the parties' anticipated cross motions for summary judgment on August 28, 2026.

## II. ANALYSIS

### A. Plaintiffs' Motion to Certify the MTD Order for Interlocutory Appeal, ECF No. 89

In their motion to certify, Plaintiffs contend that there are six "controlling constitutional questions of upmost importance" arising from the Court's MTD Order that are well positioned for interlocutory appeal. *See* ECF No. 89 at 2–3. Defendants disagree. ECF No. 91.

---

[1] The Court's conclusion applied to these claims brought against Defendants in both their official and individual capacities. *See id.* at *8–9, *13.

Explained below, because the MTD Order gave rise to at least one controlling question of law about which there is substantial ground for difference of opinion, and the resolution of which will help to materially advance the termination of this litigation, the Court grants Plaintiff's' motion to certify the MTD Order for interlocutory appeal pursuant to § 1292(b). *See Yamaha Motor Corp., U.S.A. v. Calhoun,* 516 U.S. 199, 205 (1996) ("[T]he appellate court may address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court.'") (citation omitted).

1. *Legal Standard*

Both parties implicitly concede that the Court's MTD Order is not a "final decision" appealable under 28 U.S.C. § 1291. *See* ECF Nos. 89, 91. However, under 28 U.S.C. § 1292(b), a district court may certify an otherwise unappealable interlocutory order for appeal if three criteria are met: (1) the order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation."

Interlocutory appeals are "traditionally disfavored" because they "are necessarily 'disruptive, time-consuming, and expensive' for the parties and the courts." *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)). Nevertheless, in certain "rare and extraordinary cases," *In re Richard D. Van Lunen Charitable Found.*, No. 22-cv-02309-REB, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023) (citation omitted), interlocutory

review under 28 U.S.C. § 1292(b) may be permitted if an "immediate appeal of a controlling issue will avoid protracted litigation." *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014).

The moving party "has a heavy burden to show that 'exceptional circumstances'" warrant immediate appellate review. *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). "It is within a district court's discretion to certify an order for appeal under section 1292(b)." *Kerr v. Hickenlooper*, No. 11-cv-01350-WJM-BNB, 2012 WL 4359076, at *1 (D. Colo. Sept. 21, 2012) (citing *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995)). While an interlocutory order can be certified for appeal if it involves at least one controlling question of law, the scope of appellate review includes all issues raised in the underlying order. *See Yamaha Motor Corp,* 516 U.S. at 205.

2. *Application of the § 1292(b) Factors to the Questions Raised by the MTD Order*

One issue from the MTD Order on which Plaintiffs seek § 1292(b) certification concerns the interplay between their alleged takings claims under the Fifth Amendment and the application of Eleventh Amendment immunity as a bar to such claims. ECF No. 89 at 6. Applying the § 1292(b) factors below, the Court agrees that an interlocutory appeal is appropriate.

a. *Controlling Question of Law*

In a § 1292(b) inquiry, a "question of law" refers to a question about "the meaning of a statutory or constitutional provision, regulation, or common law doctrine" that can be decided "quickly and cleanly" without waiting until the end of the case and "without having

to study the record." *In re Richard D. Van Lunen Charitable Found.*, No. 22-cv-02309-REB, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023) (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000)); *see also Martinez v. Back Bone Bullies Ltd*, No. 21-cv-01245-MEH, 2022 WL 1027148, at *2 (D. Colo. Apr. 6, 2022) (a controlling question of law is one that can be decided "without consideration of factual circumstances"). A question of law is "controlling" if it has the potential to "substantially accelerate the disposition of the litigation." *Hessert v. Street Dog Coalition*, No. 25-cv-03807-NYW-NRN, 2026 WL 83956, at *3 (D. Colo. Jan. 12, 2023) (citing *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 225 (D. Colo. 1991)).

Plaintiffs contend that the first question (as they frame it)—"[w]hether sovereign immunity precludes Plaintiffs from recovering their property from the state's possession"—is a controlling question of law with the potential to "substantially" change the course of this ligation. ECF No. 89 at 4. Defendants do not appear to dispute this in their response, *see generally* ECF No. 91, and in any event, the Court agrees.

There is no dispute that the MTD Order dismissed Plaintiffs' taking claims against Defendants in their official capacities based on its determination that such claims were barred by Eleventh Amendment immunity. *See Knellinger*, 2026 WL 411749, at *3–4. Here, this is a controlling question because its resolution "could 'materially affect the outcome of the litigation.'" *Ute Indian Tribe v. Utah*, No. 2:75-cv-00408-RJS, 2026 WL 1256900, at *2 (D. Utah May 7, 2026) (citing *Roberts v. C.R. England, Inc.*, No. 2:12-cv-00302-RJS-BCW, 2018 WL 2386056, at *2 (D. Utah Apr. 24, 2018)). Indeed, whether the

Tenth Circuit agrees with the MTD Order or not will either finalize the dismissal of Plaintiffs' takings claims on the basis of sovereign immunity or revive them.

Additionally, the application of Eleventh Amendment immunity is a question of law that does not require the weighing of evidence to resolve. *See Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1131 (10th Cir. 2001) ("Questions involving Eleventh Amendment immunity are questions of law that this court reviews *de novo*.") (citing *Sturdevant v. Paulsen,* 218 F.3d 1160, 1164 (10th Cir. 2000)); *Boellstorff v. State Farm Mut. Auto. Ins. Co.*, No. 05-cv-02192 MSK CBS, 2007 WL 552247, at *2 (D. Colo. Feb. 20, 2007), *aff'd*, 540 F.3d 1223 (10th Cir. 2008) (finding a controlling question of law where the question "does not require the weighing of evidence").

Accordingly, the Court finds a controlling question of law.

b. *Substantial Ground for Difference of Opinion*

With respect to the second § 1292(b) factor, the Court likewise finds that the question of whether Eleventh Amendment immunity can bar Plaintiffs' Fifth Amendment takings claims gives rise to substantial ground for a difference of opinion.

Determining whether a question has substantial grounds for a difference of opinion goes "hand in hand" with the controlling question of law inquiry. *See In re Richard*, 2023 WL 4706758, at *4. A substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-NYW-KAS, 2023 WL 5333756, at *6 (D. Colo. Aug. 18, 2023) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

As Plaintiffs correctly note, the MTD Order acknowledges that the Tenth Circuit previously held that Plaintiffs "may 'pursue a suit for compensation,' under § 1983," *Knellinger*, 2026 WL 411749, at *3 (referencing *Knellinger*, 134 F.4th at 1045). Despite this, the Court nonetheless concluded that Eleventh Amendment immunity barred Plaintiffs' takings claims against Defendants in their official capacities. *See id.* at *3–4. In doing so, the Court noted that the Tenth Circuit's decision in *Knellinger I* was reached without consideration of any immunity defense. *Id.* The MTD Order also discussed the Tenth Circuit's reliance on *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180 (2019) in *Knellinger I*, but determined that *Knick* is sufficiently factually distinguishable from this matter to resolve Defendants' assertion of Eleventh Amendment immunity because *Knick* involved an alleged taking at the municipal level and, as a result, did not address Eleventh Amendment immunity. *Id.* at *3–5. Based on those distinguishing factors, in the MTD Order, the Court instead relied on *Williams v. Utah Dep't of Corrections*, 928 F.3d 1209 (10th Cir. 2019), as well as similar decisions from other circuit courts, to reach its conclusion that Eleventh Amendment immunity applied here. *See Knellinger*, 2026 WL 411749, at *4 (explaining that "*Knick* did not change states' sovereign immunity from takings claims for damages in federal court, so long as state courts remain open to those claims" because here, "even if the takings claims are barred, there are still avenues available for Plaintiffs to pursue relief" through the state court system) (citing *Pavlock v. Holcomb*, 35 F.4th 581, 589 (7th Cir. 2022)).

Defendants argue that there is "no conflict" between the Tenth Circuit's decision in *Knellinger I* and the Court's MTD Order such that this factor weighs against granting an

interlocutory appeal. *See* ECF No. 91 at 1–2. But the Court is not so convinced. In fact, in reaching its conclusion in the MTD Order, the Court itself acknowledged the "potential tension between Defendants' asserted immunity defenses and the Tenth Circuit's conclusion that 'Plaintiffs may pursue a suit for compensation under § 1983." *Id.* at *2 (citing *Knellinger*, 134 F.4th at 1045) (cleaned up). And the Court further acknowledges now that barring Plaintiffs' takings claims because they may seek relief in state court could implicate the Tenth Circuit's determination that Plaintiffs are not required to seek relief in state court to pursue the alleged takings. *See Knellinger*, 134 F.4th at 1044–45.

To be clear, any apparent discrepancies between *Williams* and *Knellinger I* were thoughtfully considered and thoroughly addressed by the Court in the MTD Order. *See Knellinger*, 2026 WL 411749, at *3–5. However, the difficulty in resolving the Tenth Circuit's positions in *Williams* and *Knellinger I*, coupled with the fact that the Tenth Circuit has not yet formally ruled on the application of Eleventh Amendment immunity in the context of a takings claim against state officials under the Fifth Amendment, convinces the Court that the MTD Order concerns issues that give rise to substantial ground for a difference of opinion. *See, e.g.*, *Forest Guardians v. Bureau of Land Mgmt.*, 188 F.R.D. 389, 396–97 (D.N.M. 1999) (concluding that "conflicting decisions" and "uncertain precedent" from the Tenth Circuit create a "substantial ground for difference of opinion" where prior precedent which "may be controlling" nevertheless "did not address" other "argument[s] raised by the [p]laintiffs" in a similar context); *Pub. Serv. Co. of New Mexico v. Approximately 15.49 Acres of Land in McKinley Cnty., New Mexico*, 167 F. Supp. 3d 1248, 1270 (D.N.M. 2016) (explaining that "district courts should certify questions when

they are unsure what the law is" and when "there is no clear precedent on which to rely") (citing *Branzan Alternative Inv. Fund, LLLP v. The Bank of New York Mellon Tr. Co., N.A.*, No. 14-cv-02513-REB-MJW, 2015 WL 6859996, at *1 (D. Colo. Nov. 9, 2015)).

c. *Materially Advance the Termination of the Litigation*

Finally, the Court considers the third prong of the § 1292(b) inquiry: material advancement of the ultimate termination of this litigation. "An immediate appeal advances the termination of litigation where it 'would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Atl. Richfield Co.*, 2023 WL 5333756, at *9 (citing *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1195 (D.N.M. 2016)).

Defendants argue that an interlocutory appeal would not serve such ends here because the MTD Order already "simplified the case by allowing Plaintiffs to proceed with their more limited due process claim" and "Plaintiffs have identified no actual efficiencies to be realized by immediate review or any urgency based on ongoing harms." ECF No. 91 at 7. Contrary to Defendants' position, *see id.*, the Court finds that an interlocutory appeal would advance the interests of judicial economy in this case.

Although it is true that the MTD Order narrowed the issues remaining for class certification, summary judgment, and trial, continuing on this narrowed path is judicious only if there is no opportunity for those issues to expand later. But Plaintiffs have made clear that they intend to appeal the MTD Order either way. *See* ECF No. 89 at 14 ("Whether Plaintiffs' appeal immediately or after a final adjudication, the parties will ultimately brief an appeal."). And to the extent the court of appeals disagrees with the

MTD Order's conclusions—either now or in connection with Plaintiffs' appeal of a final judgment—and revies Plaintiffs' takings claims, the parties would be required to relitigate the case over again, including expanding discovery and potentially rearguing significant summary judgment and class certification motions.

At this stage, even though discovery is now complete, the Court has not yet ruled on Plaintiffs' class certification motion, and the parties have not filed dispositive motions. *Cf. Finken v. USA Cycling, Inc.*, No. 1:17-cv-79, 2020 WL 4933811, at *4 (D. Utah Aug. 24, 2020) (concluding that "an interlocutory appeal will not speed up or substantially shorten the litigation" where discovery was complete, dispositive motions have concluded, and the case was "ready for trial"). Because resolution of the issues discussed in the MTD Order would materially advance the ultimate termination of this litigation, the Court finds it is "more efficient . . . to allow [an] appeal at this time." *Pub. Serv. Co. of New Mexico*, 167 F. Supp. 3d at 1270–71 (concluding that "an interlocutory appeal will materially advance the ultimate termination of this proceeding" because, otherwise, the parties would potentially need to engage in repetitive processes if an appeal at the conclusion of the litigation was successful).

Accordingly, consistent with the foregoing, the Court grants Plaintiffs' motion, ECF No. 89, and certifies the MTD Order for interlocutory appeal pursuant to § 1292(b).

### B. Defendants' Motion to Stay Briefing on Motion for Class Certification (ECF 96), ECF No. 98

The Court turns next to Defendants' motion to stay, ECF No. 98, which asks to stay the briefing schedule and resolution of Plaintiffs' class certification motion. Plaintiffs oppose the requested relief. ECF No. 104.

As an initial matter, the Court notes that although Plaintiffs' class certification motion is now fully briefed, *see* ECF Nos. 98, 104, 112, the Court has not yet ruled on it. However, in light of its conclusion above permitting Plaintiffs to seek interlocutory appeal of the MTD Order, the Court finds that a stay is appropriate at this time. *See, e.g.*, *Kerr*, No. 2012 WL 4359076, at *4 ("The district court has discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal.") (citing *United States ex rel. Drake v. NSI, Inc.,* 736 F.Supp.2d 489, 503 (D. Conn. 2010)). Indeed, as Defendants note, *see* ECF No. 98 at 2 (citing ECF No. 96 at 2), the various questions of fact and law that Plaintiffs argue are common to the proposed class (and that the Court will have to consider in connection with Plaintiffs' certification motion) are likely to be impacted by the resolution of Plaintiffs' interlocutory appeal.

For example, certain of Plaintiffs' proposed common questions—for instance, whether RUUPA's failure to require pre-deprivation notice to property owners violates due process and whether enforcement of RUUPA results in the unconstitutional seizure of private property, *see* ECF No. 96 at 10—implicate claims that were dismissed in the MTD Order. *See, e.g.*, *Knellinger*, 2026 WL 411749, at *12 (concluding that "Plaintiffs cannot maintain a due process claim based on Defendants' compliance with RUUPA's notice provisions because such actions do not establish the violation of a clearly established due process right"). Additionally, Plaintiffs' proposed common question of "[w]hether Colorado owns or otherwise has title of unclaimed property seized pursuant to RUUPA," ECF No. 96 at 10, similarly implicates the MTD Order's conclusion that "because Plaintiffs' unclaimed property held in trust 'is not owned by the state,' that "property has

not been taken at all,' and thus, cannot support a takings claim." *Knellinger*, 2026 WL 411749, at *7 (citing C.R.S. § 38-13-803; *Taylor v. Westly*, 402 F.3d 924, 936 (9th Cir. 2005)). Because the Tenth Circuit will have the opportunity to review the entire MTD Order in connection with Plaintiffs' interlocutory appeal, *see Yamaha Motor Corp,* 516 U.S. at 205, reviewing the class certification motion in this posture would be inefficient and potentially lead to duplicative work for the Court and the parties. *See, e.g.*, *United States ex rel. Blyn v. Triumph Grp., Inc.*, No. 2:12-cv-922-DAK, 2016 WL 3546244, at *3 (D. Utah June 23, 2016) ("Because part of the purpose of granting the interlocutory appeal is to avoid protracted and expensive litigation, the court also concludes that the case should be stayed pending the decision by the Tenth Circuit.").

Accordingly, Defendants' motion for stay, ECF No. 98, is granted, and this underlying litigation is stayed pending the Tenth Circuit's resolution of Plaintiffs' interlocutory appeal.

**C. Plaintiffs' Motion for Class Certification and Memorandum in Support, ECF No. 96**

Finally, the Court turns to Plaintiffs' class certification motion. ECF No. 96.

Although that motion is now fully briefed, *see* ECF Nos. 96, 105, 112, as discussed above, it raises numerous questions of law likely to be impacted by a decision from the Tenth Circuit on Plaintiffs' interlocutory appeal. For that reason, it would be inefficient and potentially duplicative for the Court to consider Plaintiffs' class certification arguments at this stage, before the Tenth Circuit has had the opportunity to consider the MTD Order (as Plaintiffs have requested).

Accordingly, Plaintiffs' motion for class certification, ECF No. 96, is denied without prejudice. Following the Tenth Circuit's resolution of Plaintiffs' interlocutory appeal and the parties' submission of a joint status report to the Court (discussed below), Plaintiffs will be permitted to refile their class certification motion as necessary.

## III. CONCLUSION

Consistent with the above analyses, the Court orders the following:

1) Plaintiffs' Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), ECF No. 89, is GRANTED;
2) Defendants' Motion to Stay Briefing on Motion for Class Certification (ECF 96), ECF No. 98, is GRANTED, and this litigation is hereby STAYED pending the Tenth Circuit's resolution of Plaintiffs' interlocutory appeal; and
3) Plaintiffs' Motion for Class Certification and Memorandum in Support, ECF No. 96, is DENIED WITHOUT PREJUDICE.

Additionally, the parties are ORDERED to submit a joint status report to the Court describing the current case status, as well as their proposed case schedule, 14 days after the appellate mandate issues. Finally, in light of the stay, the parties' summary judgment intent conference currently scheduled for August 28, 2026 is hereby VACATED.

DATED this 21st day of August 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge